## State v. Gaines
### [Cite as 2 AOA 702]

Case No. CA89-07-012
Clinton County, (12th)
Decided April 23, 1990

R.C. 959.16
R.C. 2933.41

Ronald C. Carey, Clinton County Prosecuting Attorney, 283 N. South Street, Wilmington, Ohio 45177, for plaintiff-appellee.

Rose & Dobyns, J. Michael Dobyns, 212 E. Main Street, Blanchester, Ohio 45107, for defendant-appellant.

JONES, P.J.

On June 16, 1988, members of the Clinton County and Clermont County Sheriff's Departments executed a search warrant at the Clinton County residence and surrounding land of defendant-appellant, Kenneth Gaines. Pursuant to the warrant, police seized forty-one dogs and nearly two hundred items of personal property including $5,851 in cash, firearms, dog cages and training equipment, dogfighting paraphernalia and drug paraphernalia.

On June 24, 1988, a Clinton County Grand Jury indicated appellant on three counts of dogfighting in violation of R.C. 959.16, two counts of trafficking in marijuana contrary to R.C. 2925.03, and one count of possession of criminal tools in violation of R.C. 2923.24. Appellant was likewise charged by federal authorities with several violations of federal drug laws pertaining to marijuana.

Nine months later, appellant, having already pleaded guilty to the federal marijuana charges, entered a plea bargain whereby he agreed to plead guilty to two counts of dogfighting and accepted a forfeiture of the cash and any other personal property related to illegal dogfighting in exchange for the state's agreement to dismiss the remaining charges.

The trial court, after conducting a thorough examination of appellant to determine that he was knowingly and intelligently entering his plea, accepted the plea and found appellant guilty of two charges of dogfighting. Following a presentence investigation, the court sentenced appellant to one and one-half years imprisonment, suspended this sentence, and ordered appellant to serve sixty days in the county jail, to be served concurrently with appellant's federal prison term. The court also sentenced appellant to three years probation, ordered a forfeiture of all items of property related to illegal dogfighting, and returned all remaining items of a personal nature.

Appellant timely appealed and submits the following two assignments of error for review:
*First Assignment of Error*

"The trial court erred in finding the appellant guilty of dogfighting an unconstitutional statute."

*Second Assignment of Error*

"The trial court erred in forfeiting money and personal property, belonging to appellant, which were not proven to be contraband."

In his first assignment of error, appellant claims the trial court erroneously found appellant guilty of violating an unconstitutional statute. Appellant was found guilty of one count each of violating R.C. 959.6(A) (1) and (3). R.C. 959.16 provides that:

"(A) No person shall knowingly do any of the following:

"(1) Promote, engage in, or be employed at dogfighting;

"(2) Receive money for the admission of another person to a place kept for dogfighting;

"(3) Sell, purchase, possess, or train a dog for dogfighting;

"(4) Use, train, or possess a dog for seizing, detaining, or maltreating a domestic animal;

"(5) Purchase a ticket of admission to or be present at a dogfight;

"(6) Witness a dogfight if it is presented as a public spectacle.

"(B) The department of agriculture may investigate complaints and follow up rumors of dogfighting activities and may report any information so gathered to an appropriate prosecutor or law enforcement agency.

"(C) Any peace officer, as defined in section 2935.01 of the Revised Code, shall confiscate any dogs that have been are, or are intended to be used in dogfighting and any equipment or devices used in training such dogs or as part of dogfights."

Appellant claims R.C. 959.16 is unconstitutionally vague, overbroad, is a violation of equal protection, and amounts to cruel and unusual punishment.

Appellant's first argument is that R.C. 959.16 is void for vagueness and violates due process of law by failing to adequately define the term "dogfighting." The void for vagueness doctrine generally requires that a penal statute define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited an in such a manner that does not encourage either the arbitrary or discriminatory enforcement of the statute. *Kolender* v. *Lawson* (1983), 461 U.S. 352, 103 S.Ct. 1855; *Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 102 S.Ct. 1186;; and *State* v. *Reeder* (1985), 18 Ohio St. 3d 25. To avoid a finding of vagueness, statutes must give sufficient warning so that individuals may conduct themselves in such a manner so as to avoid that which is prohibited by law. *Rose* v. *Locke* (1975), 423 U.S. 48, 96 S.Ct. 243; *State* v. *Wear* (1984), 15 Ohio App. 3d 77.

Accordingly, as the United States Supreme Court stated in *Connally* v. *General Constr. Co.* 269 U.S. 385, 391, 46 S.Ct. 126, 127:

"*** [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

A similar constitutional challenge to R.C 959.16 on vagueness grounds was raised in *State* v. *Smith* (June 10, 1981), Licking App. Nos. CA-2772, 2777, 2780, unreported. In that case, the Licking County Court of Appeals determined that R.C. 959.16 was not unconstitutionally vague. The court held that the statute struck a balance between being broad enough to take into account a variety of conduct determined to be criminally illegal while also being sufficiently specific to provide a warning that certain kinds of behavior were prohibited. The court also pointed out that the legislation which proceeded R.C. 959.16 did not define "dogfighting" but there were no reported cases challenging the statute on vagueness grounds. Accordingly, the court concluded the term "dogfighting" had a sufficiently broad understanding so as to advise the citizens of Ohio conduct was, and was not, legal or illegal. *Smith, supra,* at 7.

We agree with the reasoning expressed in the *Smith* decision. Although R.C. 959.16 does not define "dogfighting" in exact or precise terms, we conclude that the statute, when read as a whole, sufficiently reflects the proscribed conduct in terms which do not require men of common intelligence to necessarily guess at its meaning and differ as to its application. Resolving all doubts in favor of the statute's constitutionality, *Oregon* v. *Lemons* (1984), 17 Ohio App. 3d 195, we find that R.C. 959.16 is not unconstitutionally vague for failing to provide a precise definition of the term "dogfighting."

Appellant's second constitutional ground for challenging R.C. 959.16 is his claim that the statute is unconstitutionally overbroad. The overbreadth doctrine prohibits a statute from making constitutionally protected or innocent

conduct criminal. *Broadrick* v. *Oklahoma* (173), 413 U.S. 601, 93 S.Ct. 2908; *Grayned* v. *City of Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294. According to appellant, R.C. 959.16 is drafted in such a manner as to prohibit constitutionally protected conduct such as a lobbyist's petitioning the legislature to repeal the statute (R.C. 959.16[A] [1]), or the training of dogs for detaining domesticated animals such as sheep (R.C. 959.16[A] [4]). These exact same arguments were presented in *Smith, supra.* While dogfighting was once included within the general animal fights statute (R.C. 959.15), the legislature, by extracting dogfighting from the general fight statute, intended to give differential and separate treatment to what it obviously perceived to be an activity of grave criminal import. *Smith, supra,* at 9.

Appellant was convicted of promoting or engaging in dogfighting and the sale, purchase, possession or training of a dog for dogfighting. R.C. 959.16(A) (1) and (3). Because this case involves a guilty plea, we have, at best, a sparse factual basis for the convictions. It is readily apparent, however, from reviewing the list of property seized from appellant's home, that a great deal of the property was related to no purpose other than the promotion of dogfighting and the training of dogs for dogfighting. We therefore conclude that R.C. 959.16 is not impermissibly overbroad and does not violate due process.

Appellant also contends that R.C. 959.16 violates equal protection and constitutes cruel and unusual punishment. The basis of appellant's argument is that a violation of R.C. 959.16 constitutes a fourth degree felony whereas a similar violation of R.C. 959.15, the animal fights statute, is only a fourth degree misdemeanor. This disparity in punishment, according to appellant, gives the state unfettered discretion between charging an individual with either a felony or misdemeanor offense depending upon whether the individual is charged under R.C. 959.15 or 959.16. R.C. 959.16 was extracted from R.C. 959.15 and slightly modified to increase the penalty to a fourth degree felony. While it is true that one engaged in dogfighting could conceivably be charged with the misdemeanor offense of "pitting an animal against another" under R.C. 959.15, such argument overlooks the plain fact that dogfighting is specifically dealt with in R.C. 959.16 and has been stricken from R.C. 959.15. The gravity and seriousness of this offense is reflected in the degree and sentence assigned to

it by the legislature. This is a matter of legislative discretion and does not exceed the bounds of the General Assembly's constitutionally delegated authority. R.C. 959.16 does not amount to a denial of equal protection nor does it constitute cruel and unusual punishment. *Smith, supra.*

For these reasons, we conclude that R.C. 959.16 is not unconstitutionally vague or overbroad, does not constitute a denial of equal protection, and does not result in the imposition of cruel and unusual punishment. Appellant's first assignment is, accordingly, overruled.

In his second assignment of error, appellant claims the trial court erred in ordering appellant to forfeit cash and personal property seized during the search of his home when the state failed to prove such property was contraband and subject to forfeiture.

R.C. 959.16(C) permits a peace officer to confiscate any dogs used or intended for use in dogfighting and any equipment used as part of dogfights or for training such dogs. Under R.C. 2933.41(C) (1) and (2), an individual loses his right to property which law enforcement officials have seized pursuant to a search warrant if the property was used in the commission of an offense and the court determines that the property should be forfeited because it is unlawful for the individual to acquire or possess the property, in light of its nature or the circumstances of the offender. *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23.

Proceedings under R.C. 2933.41 are criminal in nature, but civil in form. *Lilliock, supra.* Due process therefore requires that proceedings seeking a disposition of property in forfeiture comply with the Rules of Civil Procedure. *Id.* According to appellant, the state not only failed to prove the required elements of R.C. 2933.41(C), but also failed to adhere to the procedural requirements associated with forfeitures as mandated by R.C. 2933.43, including the filing of a petition and an evidentiary hearing. See *State* v. *Niles* (1989), 44 Ohio App. 3d 133.

In the case at bar, appellant pleaded guilty to two counts of dogfighting. At the hearing on appellant's guilty plea, the state requested a forfeiture "*** of the money that we obtained from [appellant's] residence *** the *guns*, dogfighting paraphernalia, any dog training equipment that is used for fighting purposes ***." (Emphasis added.) Appellant's counsel acknowledged that he "heard" the prosecutor's statement but such is not, as argued by the

state, tantamount to an "agreement" to the forfeiture. The court asked appellant if he understood he would forfeit without objection the cash, all dogfighting paraphernalia, any training equipment and "anything to do with the illegal fighting of dogs." The court did not, however, mention the guns. Appellant indicated that he understood and agreed to the forfeiture.

At the subsequent sentencing hearing, the court ordered a forfeiture of "*** the $5,851 *** [a]ll the equipment used for training and the purposes of fighting pit dogs -- or any type of other fighting animal, guns and any other contraband which was confiscated *** excepting therefrom any personal items *** [to] be returned to you." The court did not, however, make any findings that the cash or guns were specifically "*** the subject, or [were] used in *** the commission, of an offense other than a traffic offense ***." R.C. 2933.41(C) (1).

Since forfeitures are not favored in law or equity, R.C. 2933.41 must be strictly construed. *Lilliock, supra.* Although we see no reason why an individual should not be permitted to agree to a forfeiture when it is clear that the property satisfies the statutory requirements for a forfeiture under R.C. 2933.41, we find that the forfeiture of the cash was erroneous absent the establishment of a direct connection between the cash and appellant's illegal dogfighting activities. See *State* v. *Burnett* (Jan. 26, 1986), Clermont App. No. CA85-08-058, unreported. Likewise, it was incorrect to order a forfeiture of the guns unless it is demonstrated that appellant used them in connection with the violation of R.C. 959.16.

Finally, given that over two hundred separate items were seized from appellant's home, the trial court should determine which items specifically have "anything to do with the illegal fighting of dogs." Otherwise, the state could accept a plea bargain from a criminal defendant and as leverage order a forfeiture of the accused's automobile, home or any other property completely unrelated to the crime. Such action would serve no legitimate state purpose and would constitute the exercise of a property disposition statute in an arbitrary, discriminatory, capricious or unreasonable manner. *Lilliock, supra.*

We accordingly sustain appellant's second assignment of error and remand the case at bar for a determination of which items seized during the June 16, 1988 search had "anything to do with the illegal fighting of dogs."

*Judgment affirmed in part and reversed in part.*

HENDRICKSON and KOEHLER, JJ., Concur.