The STATE of Ohio, Appellee,

v.

CLARK, Appellant.

[Cite as *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15-07-07.

Decided Nov. 26, 2007.

Charles F. Kennedy III, Van Wert County Prosecuting Attorney, for appellee.

William F. Kluge, for appellant.

SHAW, Judge.

{¶ 1} Although this case was originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-appellant, Troy Clark, appeals from the May 16, 2007 judgment entry of the Court of Common Pleas of Van Wert County, Ohio, denying his motion for return of a firearm.

{¶ 2} On July 7, 2006, a Van Wert County grand jury returned an indictment charging Clark with one count of negligent homicide, a misdemeanor of the first degree in violation of R.C. 2903.05(A). The indictment stated that "on or about

the fifteenth day of January, 2006 at Van Wert County Ohio, Troy R. Clark did negligently cause the death of Trevor J. Ellerbock by means of a deadly weapon."

{¶ 3} On March 14, 2007, Clark entered into a written plea of no contest to the charge of negligent homicide as contained in the indictment. In a judgment entry dated March 19, 2007, the trial court accepted Clark's plea of no contest, ordered a pre-sentence investigation, and continued the matter for sentencing.

{¶ 4} On April 25, 2007, the trial court conducted Clark's sentencing hearing, wherein the court found that Clark had been convicted of negligent homicide, a misdemeanor of the first degree in violation of R.C. 2903.05(A). In its April 27, 2007 judgment entry of sentence, the trial court sentenced Clark to 180 days in the Van Wert County Correctional Facility with credit for eight days already served. Additionally, the trial court imposed a fine of $1,000 and ordered Clark to pay court costs.

{¶ 5} On April 27, 2007, Clark filed a motion for return of firearm, alleging that the state had not moved for forfeiture or destruction of the firearm, and therefore the firearm should be returned to its rightful owner, Clark's father. In an entry dated April 30, 2007, the trial court granted the parties until May 15, 2007, to present "legal arguments with supporting legal citations to support their respective position why the firearms should or should not be returned to their owners." The state filed a response in opposition to Clark's motion on April 30, 2007. On May 16, 2007, Clark filed his argument in support of his motion for return of firearm. Also on May 16, 2007, without conducting a hearing, the trial court issued an entry denying Clark's motion for return of firearm, wherein the court ordered as follows:

> The Division of Wildlife shall retain possession of said firearm until the expiration of the defendant's right to appeal this decision. If an appeal is taken, the Division of Wildlife shall retain possession of said firearm until the disposition of the appeal. If no appeal is taken, the Division of Wildlife shall dispose of said firearm in accordance with law.

{¶ 6} Clark now appeals, asserting one assignment of error.

## ASSIGNMENT OF ERROR

The court erred in denying the motion for return of property and ordering forfeiture to the state of the property originally seized as evidence.

{¶ 7} In his sole assignment of error, Clark alleges that the state failed to follow the proper procedure for forfeiture or disposition of the firearm used in the commission of the crime in the present case, and, accordingly, that the trial court erred in denying his motion for return of the firearm.

{¶ 8} Initially, we note that in Ohio, forfeitures are typically not favored in law or equity. *State v. Johns* (1993), 90 Ohio App.3d 456, 459, 629 N.E.2d 1069, citing *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 434 N.E.2d 723. "Whenever possible, such statutes must be construed as to avoid a forfeiture of property." *Lilliock*, 70 Ohio St.2d at 26, 24 O.O.3d 64, 434 N.E.2d 723. The Supreme Court of Ohio has cautioned that forfeiture may not be ordered "unless the expression of the law is clear and the intent of the legislature manifest." Id.; see also *Dayton v. Boddie* (1984), 19 Ohio App.3d 210, 19 OBR 354, 484 N.E.2d 171. A forfeiture action, while instituted as a criminal penalty, is a civil proceeding. *State v. Roberts* (1995), 102 Ohio App.3d 514, 518, 657 N.E.2d 547, citing *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 181, 569 N.E.2d 916. Accordingly, due process requires that proceedings seeking a disposition of property in forfeiture comply with the Rules of Civil Procedure. *State v. Gaines* (1990), 64 Ohio App.3d 230, 236, 580 N.E.2d 1158.

{¶ 9} On appeal, the state argues that R.C. 2933.41 permits the trial court to deny Clark's motion for return of the firearm and order its disposal. Proceedings brought pursuant to R.C. 2933.41 are criminal in nature but civil in form. *State v. Selbak*, 2d Dist. No. CA2002–06–139, 2003-Ohio-2688, 2003 WL 21211490, ¶ 23, citing *Lilliock*, 70 Ohio St.2d at 25, 24 O.O.3d 64, 434 N.E.2d 723. We also note that the Ohio Supreme Court has expressly held that R.C. 2933.41(C) is not a forfeiture statute. Id. at ¶ 18, citing *Lilliock*, 70 Ohio St.2d at 25, 24 O.O.3d 64, 434 N.E.2d 723. Instead, R.C. 2933.41 specifically deals with the disposition of property that has been seized and is in the custody of a law-enforcement agency.

{¶ 10} Additionally, R.C. 2933.41(C) prevents certain individuals from exercising a right to reclaim certain property under certain circumstances. Id., citing *In re Forfeiture of $11,250 in U.S. Currency*, 121 Ohio Misc.2d 111, 2002-Ohio-7452, 782 N.E.2d 1251.

{¶ 11} R.C. 2933.41 provides:

(C) A person loses any right he may have to the possession, or the possession and ownership, of property if any of the following applies:

(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.

(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property.

{¶ 12} In the instant case, the trial court's May 16, 2007 entry does not specifically refer to R.C. 2933.41(C) or any other statute. Rather, the entry simply provides, "The court finds that said firearm was used in the commission of

a criminal offense." Moreover, the trial court's April 27, 2007 judgment entry of sentence does not address the forfeiture of the firearm used by Clark in the commission of his offense except to say that the Division of Wildlife shall retain possession of the weapon pending an appeal and "[i]f no appeal is taken, the Division of Wildlife shall dispose of said firearm in accordance with law."

{¶ 13} We note that there is no record on this appeal other than the transcript of the docket entries. There is no transcript of the testimony on Clark's no-contest plea, no transcript of the testimony at sentencing, and no suggestion of a hearing on Clark's motion for return of the weapon. Additionally, it appears as if the issue of third-party ownership of the weapon by Clark's father was not brought to the trial court's attention until Clark filed his motion for return of firearm on April 27, 2007, and was not addressed further by any party or the court.

{¶ 14} Although R.C. 2933.41 appears to have been the relevant section at the time the present case was before the trial court, this section has now been repealed and replaced by R.C. 2981.01 through 2981.14. See 2006 Sub.H.B. No. 241 ("H.B. 241"). Like R.C. 2933.41, the provisions of R.C. 2981.01 through 2981.14 also preclude the return of property used in the commission of certain offenses under certain conditions, which may or may not include the defendant in this case. See, e.g., R.C. 2981.02. Additionally, the provisions of R.C. 2981.01 through 2981.14 specifically address the procedural rights and obligations of third parties who claim ownership of such property and the procedural rights and obligations of those seeking forfeiture of such property to the state. See R.C. 2981.03, 2981.04, 2981.05, and 2981.08.

{¶ 15} Finally, we note that the legislation accompanying R.C. 2981.01 to 2981.14, Section 4 of 2006 H.B. 241, provides as follows:

Sections 1, 2, and 3 of this act shall take effect on July 1, 2007. If a criminal or civil forfeiture action relating to misconduct under Title XXIX of the Revised Code was or is commenced before July 1, 2007, and is still pending on that date, the court in which the case is pending shall, to the extent practical, apply the provisions of Chapter 2981 of the Revised Code in the case.

{¶ 16} On the state of the foregoing record and pursuant to the directives of Section 4 of 2006 H.B. 241, it is the decision of this court that this matter be remanded with instructions to the trial court to solicit such motions, provide such notices, and conduct such hearings as are necessary to determine the disposition of this weapon in accordance with the provisions of R.C. 2981.01 through 2981.14. Accordingly, and on this basis only, Clark's sole assignment of error is sustained. The May 16, 2007 judgment entry of the Van Wert Court of Common Pleas

denying Clark's motion for return of firearm is vacated, and the matter is remanded for further proceedings consistent with this opinion.

Judgment vacated
and cause remanded.

ROGERS, P.J., and PRESTON, J., concur.