OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Ronald E. Harris, filed April 16, 2008. On December 27, 2005, Harris was indicted on one count of possession of crack cocaine (less than a gram), in violation of R.C. 2925.11(A), a felony of the fifth degree. On January 6, 2006, Harris entered a plea of not guilty. On March 1, 2006, Harris *Page 2 
pled guilty and he received an agreed sentence of one year of community control.
 {¶ 2} On May 4, 2006, Harris filed a Motion requesting the return of his vehicle, a 1994 Cadillac LS, that was impounded at the time of his arrest. On May 5, 2006, the trial court issued an Entry that provides, "for good cause shown, said vehicle shall be returned to defendant."
 {¶ 3} On or about October 24, 2006, Harris was convicted in the Champaign County Court of Common Pleas on multiple charges, and his community control was administratively terminated on January 10, 2007. On February 27, 2008, Harris filed a Motion for Return of Property, again requesting the return of his Cadillac. Attached to Harris' motion is a letter, dated April 2, 2007, to Harris, from the Clark County Sheriff's Office, which indicates that Harris' vehicle was located at the Clark County garage, and that it would be disposed of pursuant to R.C. 4513.61, if Harris failed to contact the sheriff's office within 10 days of the date of the letter.
 {¶ 4} On March 20, 2008, the trial court issued an Entry that provides, "Defendant's motion for return of property is moot. Defendant's vehicle was ordered returned to him by Entry on May 5, 2006. Defendant received a ten day notice letter from the Sheriff on April 2, 2007, it was his responsibility to contact the Sheriff to make arrangements to pick up his vehicle within the ten day period or the car would be disposed of pursuant to ORC Section 4513.62 or sold to a salvage dealer pursuant to ORC Section 4513.61. He did not make arrangements and his vehicle was disposed of some eleven months ago, after he was notified that he had ten days to reclaim his property."
 {¶ 5} On March 21, 2008, Harris filed a "Withdraw of Guilty Plea." On April 9, 2008, *Page 3 
the trial court issued an Entry that provides, "Defendant's motion to withdraw his guilty plea is moot. Defendant was sentenced to one year of community control, the year has expired and defendant's community control has been terminated as of January 10, 2007."
 {¶ 6} Harris appeals from the trial court's Entry of March 20, 2008, finding moot his motion for the return of his vehicle. Attached to his Notice of Appeal, inter alia, is an undated letter from the Clark County Sheriff's Office, addressed to Harris, that provides, "Reference your 1994 Cadillac SLS * * * This vehicle was released to the listed lean [sic] holder on the title: Guardian Finance Company on April 11, 2007."
 {¶ 7} Harris asserts one assignment of error as follows:
 {¶ 8} "THE TRIAL COURT DID [ERR] WHEN IT DENIED APPELLANT/DEFENDANT HIS 14TH AMENDMENT RIGHTS WHEN IT DID NOT PROPERLY [WEIGH] THE [SUFFICIENCY] OF THE EVIDENCE, AND GRANT APPELLANT/DEFENDANT [RESTITUTION] SOUGHT."
 {¶ 9} The State responds, without citation to authority, "There is no final appealable order and the criminal court system is not the appropriate avenue for Appellant's complaints."
 {¶ 10} R.C. 4513.61 requires a sheriff's office in possession of an impounded vehicle to send notice to the owner or lienholder "that the motor vehicle will be declared a nuisance and disposed of if not claimed within ten days of the date of the mailing of the notice." Of initial note, we have previously interpreted R.C. 4513.61, pursuant to which the Sheriff's Office apparently disposed of Harris' vehicle, as applying only to vehicles left unclaimed or abandoned on a public street for 48 hours or longer. General Electric Evendale Employees Federal CreditUnion v. Coffey's Body Shop Towing Service (June 5, 1991), Montgomery App. No. 12430 *Page 4 
("Where the driver of a motor vehicle is arrested, it cannot be said that the vehicle has been left on a public street for `48 hours or longer without notification to the sheriff or the chief of police of the reasons for leaving the motor vehicle in such place.'")
 {¶ 11} The former R.C. 2933.41(B), in effect at the time Harris' vehicle was impounded, directed a "law enforcement agency that has property in its possession that is required to be disposed of pursuant to this section [to] make a reasonable effort to located the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time." "Proceedings brought pursuant to R.C. 2933.41 are criminal in nature but civil in form. State v. Selbak, 2d Dist. No. CA2002-06-139, 2003-Ohio-2688, 2003 WL 21211490, ¶ 23."State v. Clark, 173 Ohio App.3d 719, 2007-Ohio-6235.
 {¶ 12} We cannot determine whether or not the Clark County Sheriff s Office, pursuant to R.C. 2933.41, made any efforts to contact Harris and return his vehicle prior to its April 4, 2007, Notice. It is clear, however, that the sheriff's office concluded that Harris' vehicle was abandoned within the meaning of R.C. 4513.61, after the vehicle apparently remained in its garage unclaimed from the time of Harris' arrest in December, 2005, until the April, 2007, Notice was sent to Harris.
 {¶ 13} The unique responsibilities of the sheriff's office, pursuant to the above statutes, however, is a distinction without a difference, because the issue herein is moot. Harris' vehicle had already been released to the lien holder at the time of his dilatory second motion to return it.
 {¶ 14} Harris' own failure to retrieve his vehicle resulted in its disposal. Harris' appeal is thus rendered moot, and it is accordingly dismissed. *Page 5 
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Amy M. Smith Ronald E. Harris II Hon. Douglas M. Rastatter *Page 1