[Cite as *Cleveland v. Belcher*, 2012-Ohio-3365.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97562**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# DEMETRIUS BELCHER

DEFENDANT-APPELLANT

# JUDGMENT:
# REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2010 CRB 020647

**BEFORE:** Cooney, J., Blackmon, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Rd., #335
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Interim Director of Law
City of Cleveland
601 Lakeside Avenue, Rm. 106
Cleveland, Ohio 44114

Victor R. Perez
Chief City Prosecutor
Connor P. Nathanson
Assistant City Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Demetrius Belcher ("Belcher"), appeals the trial court's denial of his motion to return property. Finding merit to the appeal, we reverse and remand.

{¶2} In June 2010, Belcher was charged by the city of Cleveland (the "City") with having a weapon while intoxicated, in violation of Cleveland Codified Ordinances 627.03, a first degree misdemeanor. Belcher pled no contest, was found guilty, and sentenced to one year of probation. When his year of probation ended in September 2011, he filed a motion for return of property. On November 2, 2011, the trial court held a hearing to address his motion. The court denied the motion, stating that the firearm would be forfeited based on his two prior gun-related offenses.

{¶3} Belcher now appeals, arguing in his sole assignment of error that the trial court erred in denying his motion for return of property.

{¶4} The City concedes that the trial court erred in denying Belcher's motion to return his firearm.

> [I]n Ohio, forfeitures are typically not favored in law or equity. *State v. Johns* (1993), 90 Ohio App.3d 456, 459, 629 N.E.2d 1069 citing *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 434 N.E.2d 723. "Whenever possible, such statutes must be construed as to avoid a forfeiture of property." *Lilliock*, 70 Ohio St.2d at 26, 434 N.E.2d 723. The Supreme Court of Ohio has cautioned that forfeiture may not be ordered "unless the expression of the law is clear and the intent of the legislature manifest." *Id.*, see also *City of Dayton v. Boddie* (1984), 19 Ohio App.3d 210 * * *.

> A forfeiture action, while instituted as a criminal penalty, is a civil proceeding. *State v. Roberts* (1995), 102 Ohio App.3d 514, 518, 657 N.E.2d 547 citing *State v. Casalicchio* * * *. Accordingly, due process requires that proceedings seeking a disposition of property in forfeiture comply with the Rules of Civil Procedure. *State v. Gaines* (1990), 64 Ohio App.3d 230, 236, 580 N.E.2d 1158.

*State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, ¶ 8 (3d Dist.).

**{¶5}** In the instant case, Belcher pled no contest and was found guilty of a charge for which there is no forfeiture requirement. Furthermore, the misdemeanor complaint charging Belcher with the violation contained no separate forfeiture specification, as required for the forfeiture of property associated with misdemeanor charges. *See* R.C. 2981.02.

**{¶6}** The City never mentioned forfeiture at the plea hearing, nor did the City ever pursue forfeiture proceedings during Belcher's probation. The City did not oppose Belcher's motion for return of property. Finally, Belcher's firearm does not constitute property subject to forfeiture pursuant to any of the provisions listed in R.C. 2981.02. Therefore, the trial court was without statutory authority to deny Belcher's motion. *State v. Coleman*, 8th Dist. No. 91058, 2009-Ohio-1611. Thus, the firearm is ordered returned to Belcher. Accordingly, his sole assignment of error is sustained.

**{¶7}** Judgment is reversed and case is remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KENNETH A. ROCCO, J., CONCUR