[Cite as *State v. North*, 2012-Ohio-5200.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120248 |
| | | TRIAL NO. B-0610711 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DAVID E. NORTH, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 9, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*David E. North*, pro se.

Please note:  we have removed this case from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant David E. North presents on appeal a single assignment of error, challenging the Hamilton County Common Pleas Court's judgment overruling his motion for the return of property seized incident to his arrest. Because the state retained North's property without complying with the law governing forfeiture, we sustain the assignment of error and reverse the court's judgment.

{¶2} In 2008, North was convicted upon no-contest pleas to aggravated robbery, robbery, kidnapping, felonious assault, and menacing by stalking. In 2009 and 2010, we remanded North's case for merger of the robbery and aggravated-robbery offenses and the two kidnapping offenses, but in all other respects, we affirmed North's convictions. *See State v. North*, 1st Dist. No. C-080322 (May 13, 2009), *appeal not accepted*, 123 Ohio St.3d 1423, 2009-Ohio-5340, 914 N.E.2d 1064; *State v. North*, 1st Dist. No. C-090406, 2010-Ohio-2766, *appeal not accepted*, 126 Ohio St.3d 1601, 2010-Ohio-4928, 935 N.E.2d 47.

{¶3} In July 2011, North filed with the common pleas court a motion seeking the return of personal property seized from his person and his car when he was arrested. The court overruled the motion without a hearing or further elaboration, and this appeal followed.

{¶4} **R.C. Chapter 2981 applied.** In 2006, when North committed and was indicted for his offenses, the procedures for forfeiture and disposition of property seized by a law enforcement agency were set forth in R.C. 2933.41 et seq. But by April 2008, when North was convicted, the Ohio General Assembly had, by

legislation effective July 1, 2007, repealed R.C. 2933.41 et seq. and replaced those statutes with R.C. Chapter 2981. *See* 2006 Am.Sub.H.B. No. 241

{¶5} R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." In enacting R.C. Chapter 2981, the General Assembly provided that "[i]f a criminal or civil forfeiture action * * * was * * * commenced before July 1, 2007, and is still pending on that date, the court in which the case is pending shall, to the extent practical, apply the provisions of Chapter 2981 of the Revised Code in the case." 2006 Am.Sub.H.B. No. 241, Section 4. Because the General Assembly made plain its intention that, "to the extent practical," R.C. Chapter 2981 be applied to criminal cases pending on July 1, 2007, those statutes governed the ultimate disposition of the property seized from North incident to his arrest. *See State v. Coleman*, 8th Dist. No. 91058, 2009-Ohio-1611, ¶ 68-70; *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, ¶ 15-16 (3d Dist.).

{¶6} ***North was entitled to the process afforded by R.C. Chapter 2981.*** "Forfeitures are not favored in law or equity." Thus, forfeiture statutes, which operate "in derogation of private property rights, must be strictly construed * * * so as to avoid a forfeiture of property," and "[n]o forfeiture may be ordered unless the expression of the law is clear and the intent of the legislature manifest." *State v. Lilliock*, 70 Ohio St.2d 23, 25-26, 434 N.E.2d 723 (1982). The legislative purpose of R.C. Chapter 2981 was to unify and expand the former forfeiture statutes and "to balance punitive and remedial policies with the imperative of limiting the state's exercise of police power in derogation of private property rights." *See In re $449 United States Currency*, 1st Dist. No. C-110176, 2012-Ohio-

3

1701, ¶ 18 (quoting Katz, Martin, Lipton and Crocker, *Baldwin's Ohio Prac. Crim. L.*, Sections 129:1 and 129:2 [2011] and citing R.C. 2981.01[A][1]-[4]).

{¶7}    R.C. Chapter 2981 permits "[a] law enforcement officer [to] seize property that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). "Property subject to forfeiture" is defined to include "contraband" and "instrumentalities" involved in the commission of a felony. *See* R.C. 2981.01(B)(13) and 2981.02(A)(1), (A)(3)(a), and (B).

{¶8}    A prosecuting attorney may then pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F). Criminal forfeiture is initiated by including in the charging instrument a specification consistent with R.C. 2941.1417 or by providing the defendant with "prompt notice," in conformity with Crim.R. 7(E), that the property is subject to forfeiture. R.C. 2981.04(A)(1) and (A)(2). Civil forfeiture is initiated by filing "a complaint requesting an order that forfeits the property to the state or a political subdivision." R.C. 2981.05(A). With certain exceptions not relevant here, a civil-forfeiture complaint must be filed within 60 days of the property's seizure. But the filing period may be extended by agreement of the parties or by the trial court upon a showing of good cause. R.C. 2981.03(F).

{¶9}    Forfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture. *See* R.C. 2981.04(A) and (B), 2981.05(B) and (D), and 2981.03(A)(1). Before the final forfeiture adjudication, the state or a political subdivision holds "provisional title to property subject to forfeiture," permitting the state or political

subdivision to seize, hold, and protect the property. "Title to the property vests with the state or political subdivision when the trier of fact renders a final forfeiture verdict or order." R.C. 2981.03(A)(1); *see also* R.C. 2981.04(G) and 2981.05(E).

{¶10} A person with an interest in seized property may seek its return by means of a motion filed in the criminal case before the prosecuting attorney has filed a charging instrument containing a forfeiture specification, R.C. 2981.03(A)(4), or by means of a petition filed in a civil-forfeiture proceeding. R.C. 2981.05(C). In either case, the trial court must conduct a hearing and must return the property upon proof of an entitlement to the property. R.C. 2981.03(A)(4) and 2981.05(B) and (C).

{¶11} Here, the state retained the property seized from North without complying with R.C. Chapter 2981. The prosecuting attorney did not provide North with notice that the property was subject to forfeiture, either by amending his indictment to add a forfeiture specification or by amending the bill of particulars. The matter of forfeiture was not mentioned in his plea form or broached at his plea or sentencing hearing. *Compare State v. Cruise*, 185 Ohio App.3d 230, 2009-Ohio-6795, 923 N.E.2d 702 (9th Dist.) (holding that defendant's guilty plea to a forfeiture specification waived his right to a forfeiture proceeding). The trial court did not conduct a hearing, find that the property was subject to forfeiture, or place of record an order of forfeiture. Nor did the state pursue civil forfeiture of the property.

{¶12} In the absence of a final forfeiture adjudication, the state's interest in the property seized from North remains "provisional." *See* R.C. 2981.03(A)(1). But the forfeiture statutes contemplate a postconviction adjudication, *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 33, by providing for, among other things, an extension of the time for filing a civil-forfeiture complaint by

agreement of the parties or upon a showing of good cause. *See* R.C. 2981.03(F). Therefore, the court, upon North's motion for return of his property, should have ordered the civil-forfeiture filing time extended and provided North with the procedural protections afforded by the civil-forfeiture statute. *See State v. Lenard*, 8th Dist. Nos. 96975 and 97570, 2012-Ohio-1636, ¶ 78-84; *Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, at ¶ 16.

{¶13}   We, therefore, reverse the court's judgment overruling North's motion for return of property and remand the case for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

SUNDERMANN, P.J., concurs.

DINKELACKER, J., concurs in judgment only.


Please note:

The court has placed of record its own entry in this case on the date of the release of this opinion.