[Cite as *State v. Schmidt*, 2014-Ohio-758.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO.  13-13-07

      v.

KORY L. SCHMIDT,                           O P I N I O N

      DEFENDANT-APPELLANT.

---

Appeal from Seneca County Common Pleas Court
Trial Court No. 12 CR 0219

**Judgment Affirmed**

Date of Decision:   March 3, 2014

---

APPEARANCES:

    *James W. Fruth* for Appellant

    *Derek W. DeVine and Heather N. Jans*  for Appellee

Case No. 13-13-07

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Kory L. Schmidt brings this appeal from the judgment of the Court of Common Pleas of Seneca County, Ohio, ordering forfeiture of his 2002 Jeep Cherokee based on a finding that the vehicle was used to facilitate the commission of an offense. For the reasons that follow, we affirm the trial court's judgment.

{¶2} Schmidt was indicted on October 24, 2012, on two counts: (1) Receiving Stolen Property, a felony of the fourth degree, and (2) Possessing Criminal Tools, a felony of the fifth degree. Count one, which is at issue on this appeal, charged Schmidt as follows:

> On or about the 9th day of April, 2012, in Seneca County, Ohio, KORY L. SCHMIDT did receive, retain or dispose of certain property, the property of another, namely First Energy, the said Defendant knowing or having reasonable cause to believe said property had been obtained through the commission of a theft offense and said property has a value of more than $7,500.00 but less than $150,000.00.
>
> SPECIFICATION: The Grand Jurors do further find and specify that a 2002 Jeep Cherokee (VIN: 1J4GW48S72C304030) was used to facilitate the commission of the offense and is subject to forfeiture.
>
> This being in violation of Section 2913.51(A),(C) of the Ohio Revised Code and against the peace and dignity of the State of Ohio.

(R. at 1.)

{¶3} Schmidt originally entered a plea of not guilty to the charges in the indictment and requested a jury trial. (R. at 7, 9.) After initial discovery, which

included the State providing Schmidt with a certified copy of the vehicle title indicating that Schmidt was the owner of the Jeep Cherokee at issue, Schmidt withdrew his former plea of not guilty and entered a plea of guilty to both counts of the indictment. (R. at 15-17.) The plea excluded the forfeiture specification. (R. at 16-17; Plea Guilty Tr. at 7, Dec. 20, 2012.) However, although Schmidt did not plead guilty to the forfeiture specification, he did not object to the indictment or the specification at any point.

{¶4} On February 22, 2013, the trial court conducted a hearing, during which the State presented evidence related to the issue of forfeiture. Schmidt again failed to object to the forfeiture specification. The trial court ordered the forfeiture of the vehicle to the City of Tiffin, Ohio. (Final Sent. Tr. at 19; *see also* R. at 27, J. Entry, Feb. 26, 2013.) Schmidt filed a timely appeal from this judgment asserting a single assignment of error.

> **THE TRIAL COURT ERRED IN ORDERING APPELLANT'S 2002 JEEP CHEROKEE VEHICLE FORFEITED WHEN THE INDICTMENT FAILED TO COMPORT WITH THE MANDATORY TERMS OF RC. §2941.1417(A).**

{¶5} Schmidt challenges the order of forfeiture on the basis that the indictment failed to specify Schmidt's interest in the property and the alleged use or intended use of the vehicle in the commission or facilitation of the offense. The only argument Schmidt makes in his brief is that the forfeiture must be reversed because the State "failed to meet its statutory obligation to carefully and clearly

draft the specification language" because it did not precisely follow the language of R.C. 2941.1417, requiring the indictment to specify "to the extent it is reasonably known at the time of filing, the nature and extent of the alleged offender's interest in the property, * * * and, if the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense." (App't Br. at 8-9, quoting R.C. 2941.1417.)

{¶6} We recognize that the specification language at issue was deficient to a certain extent. As the dissent correctly points out, the State did not fully comply with R.C. 2941.1417, which states, in relevant part:

> (A) *Property is not subject to forfeiture in a criminal case* unless the indictment, count in the indictment, or information charging the offense specifies, to the extent it is reasonably known at the time of filing, the nature and extent of the alleged offender's interest in the property, a description of the property, and, if the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense. The specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:
>
> "SPECIFICATION (or SPECIFICATION TO THE FIRST COUNT). The grand jurors (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that (set forth the alleged offender's interest in the property, a description of the property subject to forfeiture, and any alleged use or intended use of the property in the commission or facilitation of the offense)."

(Emphasis added.) We further acknowledge the dissent's reasoning requiring us to construe statutes in order to avoid a forfeiture of property. Therefore, had

-4-

Schmidt objected to the specification in the lower court, the trial court may have been required to dismiss the specification. Nevertheless, these alleged defects in the specification were not raised in the lower court and this is fatal to Schmidt's argument on this appeal.

{¶7} A challenge based on a defect in a specification is effectively a challenge to an indictment. *See State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶¶ 60-61 (reviewing a defendant's challenge to a specification under Crim.R. 12 standard for defenses and objections based on defects in the indictment). Crim.R. 12(C)(2) provides generally that defenses and objections based on defects in the indictment must be raised prior to trial. Similarly, R.C. 2941.29 provides:

> No indictment or information shall be quashed, set aside, or dismissed, * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits.

R.C. 2941.29. Therefore, the failure to raise any objections based on defects in the indictment (or its specification) prior to trial results in a waiver of these defenses or objections. *Noling*, 2002-Ohio-7044, at ¶ 61; *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 46, citing Crim.R. 12(C)(2); *State v. Jain*, 6th Dist. Wood No. WD-03-037, 2004-Ohio-893, ¶ 15-16, quoting Crim.R. 12(H);

*see also State v. Castile*, 6th Dist. No. E-02-012, 2005-Ohio-41, ¶ 67; *State v. Dumas*, 8th Dist. Cuyahoga No. 50216, 1986 WL 4392, *5 (Apr. 10, 1986). Schmidt did not raise this challenge to the indictment in the trial court prior to the forfeiture hearing.[1] As such, his failure to object to a defect in the specification prior to the forfeiture hearing results in a waiver of the objection, just like a failure to object to a defective indictment results in a waiver.

{¶8} However, there are certain exceptions to the waiver. Crim.R. 12 provides for two such exceptions: (1) the indictment fails to show jurisdiction in the court and (2) the indictment fails to charge an offense. Crim.R. 12(C)(2). These objections "shall be noticed by the court at any time during the pendency of the proceeding." Crim.R. 12. Neither of these situations is alleged by Schmidt and indeed, no problems with the trial court's jurisdiction or the offense charged are apparent from the record. Accordingly, neither of the above exceptions that would allow us to reverse the trial court's decision to forfeit Schmidt's vehicle in spite of his failure to object to the indictment at the trial court level applies in this case.

{¶9} Therefore, because Schmidt failed to timely object to the indictment as required by Crim.R.12(C), and as neither of the Crim.R. 12 exceptions applies, he has waived all but plain error. *See Horner*, 2010-Ohio-3830, ¶ 46, citing *State v.*

---

[1] In fact, no challenge to the indictment was raised during the forfeiture hearing either.

*Frazier*, 73 Ohio St.3d 323, 332, 652 N.E.2d 1000 (1995), *and* Crim.R. 52 ("failure to timely object to a defect in an indictment constitutes a waiver of the error. * * * Any claim of error in the indictment in such a case is limited to a plain-error review on appeal."). "Even constitutional rights 'may be lost as finally as any others by a failure to assert them at the proper time.' " *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001), quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968).

{¶10} A reviewing court may take notice of the waived error only if it can be characterized as a "plain error." *Id.*

> As we have repeatedly emphasized, the plain error test is a strict one: "[A]n alleged error 'does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.' " We have warned that the plain error rule is not to be invoked lightly. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

*Id.*, quoting *State v. Campbell*, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1994), *and State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraphs two and three of the syllabus. Under the plain error standard, "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights" and "[e]ven if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to 'prevent a manifest miscarriage of justice.' " (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d

643, ¶ 14, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), *and Long*, 53 Ohio St.2d 91, at paragraph three of the syllabus.

**{¶11}** Here, Schmidt did not even allege that a plain error occurred or that his substantial rights had been affected in any way; therefore he failed to satisfy his burden "of demonstrating that a plain error affected his substantial rights." *Perry*, 2004-Ohio-297, ¶ 14. Unlike with the two exceptions provided by Crim.R. 12(C)(2), we are not required to notice the plain error if the defendant does not allege it.[2] *State v. Shie*, 12th Dist. Butler No. CA2007-02-038, 2008-Ohio-350, ¶ 45. Under the standard provided by the Ohio Supreme Court that "[n]otice of plain error * * * is to be taken with the utmost caution" (*Murphy*, 91 Ohio St.3d at 532), we choose not to proceed on plain error analysis because Schmidt did not raise it and consequently, he failed to satisfy his burden of demonstrating that the plain error, if any, affected his substantial rights.[3]

**{¶12}** Accordingly, irrespective of whether the indictment's specification at issue was sufficient under R.C. 2941.1417, Schmidt has forfeited his chance to

---

[2] Indeed, we would be rewarding inaction by a criminal defendant and encouraging the practice whereby the defendant waits until the appeal to object to a defect in an indictment after having lost the challenge on the merits in the trial court. Such a practice would impede judicial economy and would be contrary to Crim.R. 12, mandating that challenges based on a defect in indictment be brought in the trial court.

[3] Nevertheless, if we were to raise the plain error sua sponte, it does not appear that Schmidt's substantial rights were violated by the State's failure to include the additional information in the specification or that manifest injustice has occurred. Schmidt was not prejudiced by the State's failure to include his interest in the property in the specification, because, in spite of this missing information, he was on notice that his vehicle was subject to forfeiture and was able to appear at the hearing and argue against the forfeiture. Further, although the specification did not detail *how* the vehicle was used in the facilitation of the offense, Schmidt does not allege prejudice or that he was not apprised of the offense charged.

challenge it when he failed to object to it in the trial court. Therefore, Schmidt waived any defenses or objections to the alleged defects in the indictment's forfeiture specification, no exceptions to the waiver apply in his case, and plain error analysis is not warranted. Based upon the foregoing, we overrule Schmidt's assignment of error.

{¶13} Having found no error prejudicial to Appellant, in the particulars assigned and argued, we affirm the judgment of the Seneca County Court of Common Pleas.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**ROGERS, J. DISSENTS.**

{¶14} I respectfully dissent from the opinion of the majority. In affirming the forfeiture in this case, the majority relies on the language of R.C. 2941.29 and Appellant's failure to object to the language of the specification prior to trial. However, I believe the majority has misinterpreted Appellant's argument.

{¶15} Appellant is not arguing that the State has failed to state an offense. The Appellant is simply pointing out what the statute clearly and unambiguously mandates: that is, that the 2002 Jeep Cherokee is not property subject to forfeiture. R.C. 2941.1417 states, in relevant part:

(A) *Property is not subject to forfeiture in a criminal case* unless the indictment, count in the indictment, or information charging the offense specifies, to the extent it is reasonably known at the time of filing, the nature and extent of the alleged offender's interest in the property, a description of the property, and, if the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense. The specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:

"SPECIFICATION (or SPECIFICATION TO THE FIRST COUNT). The grand jurors (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that (set forth the alleged offender's interest in the property, a description of the property subject to forfeiture, and any alleged use or intended use of the property in the commission or facilitation of the offense)."

(B) The trier of fact shall determine whether the property is subject to forfeiture.

(Emphasis added.) This prohibition is repeated in R.C. 2981.04(A)(1), which outlines the initiation of the criminal forfeiture process. *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 57 (6th Dist.). That section states:

Property described in division (A) of section 2981.02 of the Revised Code may be forfeited under this section *only if* the * * * indictment * * * charging the offense * * * contains a specification of the type described in section 2941.1417 of the Revised Code that sets forth *all* of the following to the extent it is reasonably known at the time of the filing:

(a) The nature and extent of the alleged offender's * * * interest in the property;

(b) A description of the property;

> (c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

(Emphasis added.)

**{¶16}** The majority has relied on a general statute which refers to the sufficiency of an indictment, but Appellant is pointing to a specific statute which prohibits the forfeiture of certain property.[4] The vehicle in this case is just such property. Further, when a specific statute conflicts with a general statute, the specific statute trumps the general statute. R.C. 1.51; *see In re Protest Against Jerome Twp. Zoning Referendum Petition on New California Woods*, 162 Ohio App.3d 712, 2005-Ohio-4189, ¶ 15 (3d Dist.) ("Finally, R.C. 519.12 is a specific provision governing applications for rezoning and petitions filed seeking a zoning referendum. R.C. 3519.16 is a general provision governing petitions filed with the secretary of state. Accordingly, when the provisions are in conflict, the specific provision will prevail over the general one."). Thus, R.C. 2941.1417 should prevail over R.C. 2941.29.

**{¶17}** The State admits in its brief that at the time of the grand jury indictment it did not have the necessary information to state Schmidt's interest in

---

[4] I would also note that, generally, forfeiture is not favored in Ohio. *State v. Brownridge*, 3d Dist. Marion No. 9-09-24, 2010-Ohio-104, ¶ 22; *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, ¶ 8 (3d Dist). " 'Whenever possible, such statutes must be construed as to avoid a forfeiture of property.' " *Clark*, supra, quoting *State v. Lilliock*, 70 Ohio St.2d 23, 26 (1982). Additionally, the Ohio Supreme Court has held that forfeiture may not be ordered " 'unless the expression of the law is clear and the intent of the legislature manifest.' " *Clark*, supra, quoting *Lilliock*, 70 Ohio St.2d at 26; *see, also*, *Dayton v. Boddie*, 19 Ohio App.3d 210 (2d Dist. 1984).

the property. Appellee's Br., p. 4-5. Thus, R.C. 2981.04(A)(1)(a) was not satisfied. Further, the State does not even address the fact that it failed to state how the property was used to facilitate the offense, also failing to satisfy R.C. 2981.04(A)(1)(c). Title to the vehicle could easily have been determined prior to indictment. How the property was used must have been part of the State's presentation to the grand jury or the grand jury could not have legitimately considered the specification. Without these two matters being specifically stated within the original indictment and specification, the vehicle simply "is not subject to forfeiture in [this] criminal case." R.C. 2941.1417.

{¶18} The majority suggests that we would be "rewarding inaction by a criminal defendant and encouraging [that] practice" if we notice the error at this late date. Majority Opin., fn. 2. Apparently the majority prefers to reward the State's laziness and apathy rather than to protect due process.

{¶19} When we blindly accept inadequate and defective performance by the prosecution or the trial courts we diminish the Rule of Law. If we persist in this practice the Rule of Law will cease to exist. Without the Rule of Law, there is no civilized society!

{¶20} The language of R.C. 2941.1417 could not be more clear and unequivocal. "Property is not subject to forfeiture in a criminal case" unless the required information is contained in the specification. R.C. 2981.04(A)(1) is

equally clear. To then allow property to be forfeited in the circumstances of this case, when the language of the specification was incomplete and defective is a manifest injustice and a violation of due process. Does the majority not recognize that it is the State that is in violation of the law in this instance? Two statutes prohibit the forfeiture of this property, and yet the majority sanctions that action.

{¶21} Since courts are required to construe statutes in order to avoid a forfeiture of property and the State's indictment failed to list what R.C. 2941.1417 mandates, I would sustain the assignment of error and vacate the order of forfeiture.

**/jlr**