The STATE of Ohio, Appellee,

v.

JOHNS, Appellant.

[Cite as *State v. Johns* (1993), 90 Ohio App.3d 456.]

Court of Appeals of Ohio,
Wayne County.

No. 2799.

Decided Sept. 15, 1993.

*Corey E. Spitler,* Wayne County Assistant Prosecuting Attorney, for appellee.

*John M. Gartrell,* for appellant.

QUILLIN, Judge.

Appellant, David L. Johns, appeals from the trial court's judgment which ordered the forfeiture of his vehicle following a conviction under R.C. 4301.-62(B)(4) for possession of an open container of beer. We reverse.

On December 8, 1992, Johns was convicted of possession of an open container of beer in violation of R.C. 4301.62(B)(4). Johns's truck was seized and the state filed a petition for forfeiture, claiming that the truck was subject to forfeiture pursuant to R.C. 2933.41 and 4301.45.

Johns opposed the petition, arguing that his truck had not been lawfully seized under R.C. 4301.45. The trial court disagreed, and determined that the truck was subject to forfeiture under both R.C. 2933.41 and 4301.45.

Johns appeals and raises three assignments of error.

## Assignment of Error No. I

■ "The trial court erred in ordering the forfeiture of Appellant's 1991 Chevrolet Pickup Truck pursuant to Section 4301.45 of the Ohio Revised Code for the reason that the violation of Section 4301.62, a minor misdemeanor, would not permit a forfeiture."

R.C. 4301.45 provides:

"When any * * * officer of the law, discovers any person in the act of transporting in violation of law beer or intoxicating liquors in any * * * automobile, * * * he shall seize all beer or intoxicating liquors found therein being transported contrary to law. Whenever beer or intoxicating liquors transported or possessed illegally are seized by such an officer, he shall take possession of the vehicle and team, or automobile, boat, watercraft, aircraft, or any other conveyance, and *shall arrest* any person in charge thereof. Such officer shall at once proceed against the person *arrested* under Chapters 4301 and 4303 of the Revised Code * * *. The court upon conviction of the person *so arrested* shall order the beer or intoxicating liquor that was not illegally manufactured to be forfeited to the state and disposed of under section 2933.41 of the Revised Code, and unless good cause to the contrary is shown by the owner, shall order a sale at public auction of the property seized * * *." (Emphasis added.)

The repeated use of the word "arrest" in R.C. 4301.45 implies that the provisions of that section, authorizing seizure and sale of conveyances, apply only to violations which subject the offender to arrest. Appellant was cited for possession of an open container of beer, a violation of R.C. 4301.62. An open container violation is statutorily classified as a minor misdemeanor. R.C. 4301.99. Absent a list of enumerated factors—which are not at issue in this case—a police

officer is mandated to issue a citation, rather than arrest the perpetrator of a minor misdemeanor. R.C. 2935.26.

The trial court found that an arrest of the defendant is not a condition precedent to forfeiture of a vehicle under R.C. 4301.45. In so finding, the court reasoned:

"The issuance of a summons rather than the execution of an arrest is merely one of several methods of bringing a defendant before a court to answer a criminal charge. * * * Section 4301.45 clearly identifies *conduct* which gives rise to the remedy of forfeiture. It is this conduct, not the choice of methods employed to bring the defendant before the court, which gives rise to the forfeiture remedy under R.C. 4301.45." (Emphasis *sic.*)

We agree that arrest is not a condition precedent to charging a defendant under R.C. 4301.45. Such a requirement would divest the prosecution of the opportunity to utilize R.C. 4301.45 when a law enforcement officer exercises his discretion in issuing a summons rather than making an arrest. See Crim.R. 4. However, we hold that for R.C. 4301.45 to be applicable, the offense committed must potentially subject the perpetrator to arrest.

It is a well established principle of Ohio law that forfeitures are not favored in law or equity. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 65, 434 N.E.2d 723, 724. "Whenever possible, such statutes must be construed as to avoid a forfeiture of property." *Id.* at 26, 24 O.O.3d at 65, 434 N.E.2d at 725, citing *State ex rel. Jones v. Bd. of Deputy State Supervisors* (1915), 93 Ohio St. 14, 16, 112 N.E. 136, 137. In fact, the Supreme Court of Ohio has cautioned that forfeiture may not be ordered "unless the expression of the law is clear and the intent of the legislature manifest." *Id.*

R.C. 4301.45 mandates that an officer "shall arrest" any person in charge of an automobile illegally transporting or possessing intoxicating liquors. Furthermore, the section provides that "upon conviction of the person *so arrested* " the court may order a sale of the property seized.

"[I]t has been declared that the Legislature must be assumed or presumed to know the meaning of words, to have used the words of the statute advisedly and to have expressed legislative intent by the use of the words found in the statute * * *." *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 237, 36 O.O. 554, 557, 78 N.E.2d 370, 374. The Ohio legislature substantially reenacted Section 26, Title 2 of the National Prohibition Act in G.C. 6212–43. The comparable section in the Revised Code is found in R.C. 4301.45. Despite these reenactments, the Ohio legislature has continued to employ the term "arrest" in classifying what offenses subject a conveyance used therein to seizure and sale.

We cannot assume that the continued use of the term "arrest" is a drafting accident. Furthermore, R.C. 1.47(C) provides that in enacting a statute it is

presumed that "[a] just and reasonable result is intended." We do not believe that the General Assembly intended that a $10,000 automobile should be forfeited for violation of a minor misdemeanor which carries a maximum penalty of $100. R.C. 2929.21(D). Because an open container violation has been classified by the legislature as a minor misdemeanor, and therefore is not an "arrestable" offense, we hold that the trial court erred in finding R.C. 4301.45 subjects the automobile of a person charged under R.C. 4301.62 to seizure and sale.

### Assignment of Error No. II

■ "The trial court erred in ordering the forfeiture of Appellant's 1991 Chevrolet Pickup Truck under Ohio Revised Code Section 2933.41 for the reason that the vehicle was illegally seized."

R.C. 2933.41(A)(1) states:

"(A)(1) Any property * * * that has been lost, abandoned, stolen, seized pursuant to a search warrant, *or otherwise lawfully seized or forfeited,* and that is in the custody of a law enforcement agency, shall be kept safely pending the time it no longer is needed as evidence, and shall be disposed of pursuant to this section. * * *" (Emphasis added.)

■ In order for the disposition of property under R.C. 2933.41 to be statutorily authorized, the property seized must be of the type identified in R.C. 2933.41(A)(1). Appellant's automobile was clearly not lost, abandoned, stolen, or seized pursuant to a search warrant. Therefore, in order for appellant's automobile to be subject to the disposition provisions of R.C. 2933.41, it must have been "otherwise lawfully seized or forfeited."

■ R.C. 2933.41(C) provides for forfeiture of a defendant's right to possession of property in certain circumstances. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 65, 434 N.E.2d 723, 724.

At the time of the forfeiture, R.C. 2933.41(C) stated:

"A person loses any right he may have to the possession, or the possession and ownership, of property if *either* of the following applies:

"(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense *other than a traffic offense,* and such person is a conspirator, accomplice, or offender with respect to the offense.

"(2) When a court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for the person to acquire or possess the property." (Emphasis added.)

R.C. 2933.41(C)(1) specifically excludes "traffic offenses." The determinative issue under this subdivision, therefore, is whether Johns was convicted of a

"traffic offense." R.C. 4301.62(B)(4) does not appear as part of the Traffic Code set forth in R.C. Title 45. Therefore, we must look at the language of the statute to determine whether it constitutes a traffic offense.

"Traffic offense" is not defined in the Revised Code. However, "traffic" is defined as "vehicles * * * while using any highway for purposes of travel." R.C. 4511.01(TT). Traf.R. 2 defines "traffic case" as " * * * all proceedings involving violations of laws, ordinances and regulations governing the operation and use of vehicles * * * on highways and bridges."

Clearly, this offense was one involving the operation of a vehicle on a highway. Johns was cited for operating a motor vehicle while having an opened container of beer in his possession. Moreover, Johns was cited for this violation on a standard traffic ticket, virtually identical to that which appears in the Traffic Rules Appendix of Forms.

Therefore, because appellant was convicted of a traffic offense, he could not be denied possession of his automobile pursuant to R.C. 2933.41(C)(1).

■ R.C. 2933.41(C)(2) provides for forfeiture of a defendant's right to possession of property upon a court determination that the property is unlawful for the defendant to acquire or possess. The Supreme Court of Ohio has previously addressed this subdivision as it relates to automobiles. In *Lilliock, supra*, the court determined that absent a modification making the automobile itself illegal in the hands of the defendant, the defendant will retain the right to title and possession of his automobile. *Id.* at 27, 24 O.O.3d at 66, 434 N.E.2d at 725.

It is clear that there was nothing in the nature of appellant's automobile that made it illegal for him to possess. Therefore, appellant could not properly be denied possession of his automobile pursuant to R.C. 2933.41(C)(2).

In the case *sub judice*, neither the provisions of R.C. 4301.45 nor 2933.41 permit the seizure and sale of appellant's automobile. Therefore, we hold that the trial court erred in ordering a forfeiture.

### Assignment of Error No. III

"The trial court erred in ordering the forfeiture of Appellant's 1991 Chevrolet Pickup Truck for the reason that Defendant was not convicted of illegally transporting an alcoholic beverage."

By sustaining the first and second assignments of error, we have dispensed with the necessity of reaching the merits on this assignment of error.

The judgment of the trial court is reversed.

*Judgment reversed.*

COOK, P.J., and REECE, J., concur.