OPINION
{¶ 1} The plaintiff-appellant State of Ohio appeals from the March 15, 2004, Judgment Entry of the Licking County Court of Common Pleas which granted defendant-appellee Duval L. Knight's motion to suppress.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 13, 2003, Officer John Brnjic of the Newark Police Department was on patrol. Officer Brnjic decided to "set up on" what he believed was a known drug house. It was 10:10 p.m. The Officer suspected it was a drug house because the Officer had arrested numerous people out of the house in the past, including someone a few months before for possession of cocaine. The officer had, at some point in the past, received information that the person who owned the house would allow drug sales to occur there.
 {¶ 3} The Officer observed appellee ride up to the house on his bicycle and go inside. Appellee was in the house for a few minutes, came back out and rode away.
 {¶ 4} After appellee rode past Officer Brnjic, the Officer recognized appellee. The Officer and appellee had spoken several times in the past about appellee's use of drugs. Further, Officer Brnjic was aware that appellee was on parole for robbery. As appellee rode away, Officer Brnjic called out to appellee to stop. Appellee initially ignored the Officer's command and kept going. The Officer then told appellee to stop again. At this point, appellee got off of his bicycle and reached into his pockets and began emptying them on the ground. After appellee did this, appellee was placed in custody pending further investigation.
 {¶ 5} The first thing that the Officer did was investigate what was dropped from appellee's pockets. The Officer found no drugs. However, further investigation led to the discovery of crack cocaine in a pack of cigarettes that appellee was carrying in a pocket. Subsequently, appellee made incriminating statements.
 {¶ 6} Appellee was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), and one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). Appellee entered a plea of not guilty and filed a motion to suppress.
 {¶ 7} An oral hearing on the motion to suppress was held on February 18, 2004. On March 15, 2004, the trial court issued a Judgment Entry in which it granted appellee's motion to suppress.
 {¶ 8} It is from the March 15, 2004, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 9} "The trial court committed reversible error in granting the appellee's motion to suppress."
 {¶ 10} In the sole assignment of error, appellant, the State of Ohio, contends that the trial court erred when it sustained appellee's motion to suppress. We disagree.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982) 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141; State v. Guysinger (1993) 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908; and State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S.
(1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In this case, appellant argues that the trial court failed to correctly decide whether the facts met the appropriate legal standard.
 {¶ 12} Appellant argues that the officer conducted an investigatory stop based upon reasonable and articulable suspicion that appellee was involved in criminal drug activity. Appellant relies on the following evidence. The officer knew appellee and knew that he had frequented a known drug house in the past. The officer stated that he had previously had conversations with appellant about appellant's drug activity and use of crack cocaine. In those conversations, the officer had told appellant that if he did not stay away from drug houses, sooner or later he would end up getting arrested for the use of drugs. The officer also knew that appellee was on parole for robbery. The officer saw appellee enter a house and leave again a few minutes later. The officer testified that based upon his experience working narcotics, this quick exit from the residence indicated the purchase of crack cocaine or some other drug. Tr. at 12. In addition, the officer had made previous arrests out of this house including an arrest a few months prior to this incident involving 40 grams of crack cocaine. The officer stated that he knew that the owner of the house allowed known drug dealers to sell drugs out of the house. Lastly, when the officer called to appellee to stop, appellee ignored the officer. Upon a second request to stop, appellee got off his bicycle and started emptying his pockets onto the ground.
 {¶ 13} Under Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, a law enforcement officer may initiate an investigatory stop of a person when the officer has a reasonable suspicion of criminal activity. To justify such a stop, the seizing officer must be able to point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant the officer's suspicion of criminal activity. Terry supra, at 26. The propriety of an investigatory stop must be considered by reviewing the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,524 N.E.2d 489.
 {¶ 14} In the case sub judice, we find that the officer did not have a reasonable and articulable suspicion of criminal drug activity to support an investigative stop of appellant. There is no indication that the house in question was being used to sell drugs at or near the point in time in which appellee entered the home. While each case must be considered individually and there are no specific requirements or formulas to find reasonable and articulable suspicion, we point out, by way of example, that there was no other traffic in or out of the house to indicate the current sale of drugs, there were no visible exchanges between visitors to the house and the house's occupants and no recent arrests for the selling or purchasing of drugs in the house. In short, on this night, there were no other indications of illegal drug activity than one known drug user going to the house and only staying a few minutes. Upon review of the totality of the circumstances, we find there were no reasonable, articulable facts upon which the officer could base a Terry stop.
 {¶ 15} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Licking County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.