[Cite as *State v. Harris*, 2014-Ohio-2415.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID HARRIS | : | Case No. 13CA76 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                  Court of Common Pleas, Case No.
                                  2012-CR-0658 D


JUDGMENT:                         Affirmed in Part; Reversed and
                                  Remanded in Part


DATE OF JUDGMENT:                 June 4, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JAMES J. MAYER, JR.                       CASSANDRA J. M. MAYER
Prosecuting Attorney                      234 Park Ave. West
                                          Mansfield, OH 44902
By: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1}    Defendant-appellant David Harris appeals from the July 24, 2013 Sentencing Entry of the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On September 10, 2012, the Richland County Grand jury indicted appellant on one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(D)(1), a felony of the fifth degree, one count of driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, one count of driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(d), a misdemeanor of the first degree, one count of failure to stay within marked lanes in violation of R.C. 4511.33(A)(1), a minor misdemeanor, and speeding in violation of R.C.4511.21(C), also a minor misdemeanor. Appellant pleaded not guilty to the charges.

{¶3}    Following a jury trial, the jury, on January 29, 2013, found appellant guilty of exceeding the speed limit and improper marked lane usage.  A mistrial was declared on the remaining counts after the jury was unable to reach a verdict and a jury trial on those counts was scheduled for March 14, 2013. The trial was later continued.

{¶4}    Thereafter, on June 12, 2013, appellant withdrew his former not guilty plea and entered a plea of guilty to carrying a concealed weapon in violation of R.C. 2923.12(B)(1), a misdemeanor of the first degree, and having physical control of a vehicle while under the influence in violation of R.C. 4511.194(B)(2), also a misdemeanor of the first degree. Both were amended charges. The remaining charge of

driving while under the influence of alcohol or drugs was dismissed. Pursuant to a Sentencing Entry filed on July 24, 2013, appellant was sentenced to two years of community control, a suspended one year term of incarceration, and was fined $2,200.00. The trial court also ordered that appellant forfeit his .357 Magnum revolver, which was seized at the scene, and, as a condition of probation, revoked appellant's concealed carry permit. In addition, the trial court prohibited appellant from reapplying for his permit while on probation and prohibited him from cohabitating with girlfriends or boyfriends with whom he engaged in a sexual relationship, among other sanctions.

{¶5}    Appellant now raises the following assignments of error on appeal:

{¶6}    THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FORFEITED MR. HARRIS' HANDGUN BECAUSE THE STATE FAILED TO COMPLY WITH THE PROVISIONS SET FORTH [IN] ORC [SECTIONS] 2981.01 THROUGH 298114.

{¶7}    THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED, AS CONDITIONS OF COMMUNITY CONTROL, THAT MR. HARRIS SURRENDER HIS CONCEAL CARRY PERMIT TO THE SHERRIFF'S OFFICE; PROHIBITED MR. HARRIS FROM RE-APPLYING FOR A CONCEAL CARRY PERMIT WHILE ON COMMUNITY CONTROL AND PROHIBITED MR. HARRIS FROM ANY COHABITATION WITH GIRLFRIENDS WHILE ON COMMUNITY CONTROL.

{¶8}    THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO APPLY THE SENTENCE RELATED TO THE CCW CHARGE AS REQUIRED IN ORC [SECTION] 2923.12 IN SITUATIONS WHEN THE LAW

ENFORCEMENT OFFICER HAD ACTUAL KNOWLEDGE THAT MR. HARRIS HAD BEEN ISSUED A CONCEAL CARRY PERMIT.

I

{¶9} Appellant, in his first assignment of error, argues that the trial court erred when it ordered the forfeiture of his handgun without complying with the requirements set forth in R.C. 2981.01 through 2981.14. We note that at the sentencing hearing, appellant's counsel objected to the State's request for forfeiture of the handgun, arguing that appellant had no notice of the request and that the handgun had been returned to appellant.

{¶10} In Ohio, forfeitures are generally not favored in law or equity. *State v. Johns*, 90 Ohio App.3d 456, 459, 629 N.E.2d 1069 (9th Dist. Wayne 1993), citing *State v. Lilliock*, 70 Ohio St.2d 23, 25, 434 N.E.2d 723 (1982). Whenever possible, statutes imposing restrictions upon the use of private property, in derogation of private property rights, "must be construed as to avoid a forfeiture of property." *Lilliock* at 26, citing *State ex rel. Jones v. Board of Deputy State Supervisors and Inspectors of Elections*, 93 Ohio St. 14, 16, 112 N.E. 136 (1915).

{¶11} R.C. 2981.04 Specification concerning forfeiture petitions, provides as follows:

{¶12} "(A)(1) Property described in division (A) of section 2981.02 of the Revised Code may be forfeited under this section *only if the complaint, indictment, or information charging the offense or municipal violation, or the complaint charging the delinquent act, contains a specification of the type described in section 2941.1417 of the Revised Code*

*that sets forth all of the following to the extent it is reasonably known at the time of the filing:*

{¶13}   "(a) The nature and extent of the alleged offender's or delinquent child's interest in the property;

{¶14}   "(b) A description of the property;

{¶15}   "(c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

{¶16}   "(2) If any property is not reasonably foreseen to be subject to forfeiture at the time of filing the indictment, information, or complaint, the trier of fact still may return a verdict of forfeiture concerning that property in the hearing described in division (B) of this section if the prosecutor, upon discovering the property to be subject to forfeiture, gave prompt notice of this fact to the alleged offender or delinquent child under Criminal Rule 7(E) or Juvenile Rule 10(B).

{¶17}   "(3) For good cause shown, the court may consider issues of the guilt of the alleged offender or the delinquency of the alleged delinquent child separate from whether property specified as subject to forfeiture should be forfeited.

{¶18}   "(B) *If a person pleads guilty* to or is *convicted of an offense* or is adjudicated a delinquent child for committing a delinquent act *and the complaint, indictment, or information charging the offense or act contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited.* If the state or political subdivision proves by a preponderance of the evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a

proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture. If the trier of fact is a jury, on the offender's or delinquent child's motion, the court shall make the determination of whether the property shall be forfeited." (Emphasis added.)

{¶19} In the case sub judice, it is undisputed that compliance with R.C. 2981.04 was not afforded appellant prior to the ordered seizure of his firearm. The indictment charging the offenses contained no specification covering property subject to forfeiture under section 2981.02 of the Revised Code. In addition, the statutes under which appellant was charged and the statutes to which he pled do not specifically authorize firearm forfeiture. See R.C. 2981.02(A)(3)(b). Accordingly, we hold the trial court erred in issuing a forfeiture order in this case. Appellant was never provided with notice that appellee intended to seek forfeiture of the handgun.

{¶20} Appellant's first assignment of error is, therefore, sustained.

II

{¶21} Appellant, in his second assignment of error, argues that the trial court erred in ordering, as a condition of community control, that appellant surrender his conceal carry permit and that he was prohibited from re-applying for a permit while on community control. Appellant also challenges the trial court's order that prohibited appellant from any cohabitation with girlfriends while on community control.

{¶22} Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. *State v. Smith,* 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶

21, citing *State v. Pass*, 6th Dist., Lucas No. L-92-017, 1992 WL 386011 (Dec. 30, 1992). An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶23} R.C. 2929.27(C) provides that in addition to the specific sanctions authorized under division (A) of that section, a court imposing a sentence for a misdemeanor, other than a minor misdemeanor, "may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A). In order to achieve those purposes, a sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.; State v. Coleman,* 4th Dist. Scioto. No. 05CA3037, 2006-Ohio-3200, ¶ 21.

{¶24} It is well-established that probation cannot be overly broad so as to unnecessarily impinge upon a defendant's liberty. *State v. Meldrum,* 5th Dist. Stark .No. 2001 CA00289, 2002-Ohio-1859, citing *State v. Maynard*, 47 Ohio App.3d 76, 547 N.E.2d 409 (6th Dist. Wood 1988). Likewise, "[w]hile a trial court has broad discretion in imposing probation conditions, that discretion is not limitless. * * * In determining whether probation conditions are reasonably related to the statutory purpose of probation and overbroad, a reviewing court should consider 'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime

of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Coleman* at ¶ 22, citing *State v. Jones*, 49 Ohio St.3d 51, 52-53, 550 N.E.2d 469 (1990) (additional citations omitted). The Ohio Supreme Court recognized that the same rationale applies to the imposition of community control sanctions.  *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201.

{¶25}   We concur with appellee that the  trial court did not abuse its discretion in requiring appellant to surrender his legal conceal carry permit and preventing him from reapplying for the same during the period of his community control, which was two years . Appellant, in this matter, was not convicted of driving while intoxicated, but was convicted of physical control of a motor vehicle under the influence of alcohol.  At the time, appellant had a loaded handgun in the center console of his vehicle. We find that the conditions bore some relationship to such crime, were related to rehabilitating appellant and related to conduct which is criminal or reasonably related to future criminality and served the statutory ends of probation. We note that, at the sentencing hearing, the trial court stated that appellant "had the bad judgment …to have your loaded gun along and then operate your vehicle under the influence of alcohol. As a result you forfeited your right to have such a license." Transcript of July 22, 2013 hearing at 4.

{¶26}   However, we find the condition that appellant was prevented from cohabitating with anyone with whom he had sexual relations violated the factors set forth in *Jones,* supra.  Such condition has no relation whatsoever to the crimes at issue in this case. That is, with the record before this Court, there is no relationship between

appellant's convictions and the prohibition regarding sexual relations. While appellee argues that such sanction "supports a healthy and crime-free lifestyle", such argument can be made in every criminal case. Accordingly, this sanction is overbroad and unreasonable.

{¶27} Appellant's second assignment of error is, therefore, sustained in part and overruled in part.

III

{¶28} Appellant, in his third assignment of error, argues that the trial court erred when it sentenced appellant regarding R.C. 2923.12(B)(1) as a misdemeanor of the first degree rather than a minor misdemeanor pursuant to R.C. 2923.12(F)(3).

{¶29} In the case sub judice, appellant plead to a violation of R.C. 2923.12(B)(1). Generally, a violation of R.C. 2923.12(B)(1), is a first-degree misdemeanor that carries with it the one-year concealed carry license suspension set out in R.C. 2923.128(A)(2)(a). R.C. 2923.12(F)(3). But there is an exception. R.C. 2923.12(F)(3) provides:

{¶30} "If, at the time of the stop of the offender for a law enforcement purpose that was the basis of the violation, any law enforcement officer involved with the stop had actual knowledge that the offender has been issued a license or temporary emergency license to carry a concealed handgun, *carrying concealed weapons in violation of division (B)(1) of this section is a minor misdemeanor, and the offender's license or temporary emergency license to carry a concealed handgun shall not be suspended pursuant to division (A)(2) of section 2923.128 of the Revised Code.*" (Emphasis added.)

{¶31}   Appellant contends that "the arresting officer's testimony at the first trial supports the fact that the arresting officer had actual knowledge that [appellant] was issued a concealed handgun permit."

{¶32}   However, it is clear that appellant plead to a misdemeanor of the first degree rather than a minor misdemeanor.   At the June 12, 2013 hearing, appellee stated that "Count 1 of the indictment, which is improper handling of a firearm, is being amended to carrying a concealed weapon, in violation of 2923.12(B)(1), a misdemeanor of the first degree." Transcript of June 12, 2013 plea hearing at 5. The trial court later informed appellant that both charges were first degree misdemeanors. In addition, the form signed by appellant on June 12, 2013 states that appellant was pleading guilty to carrying a concealed weapon, a misdemeanor of the first degree.

{¶33}   We note that a plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce,* 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶34}   Appellant's third assignment of error is, therefore, overruled.

{¶35}   Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed in part and reversed and remanded in part.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.