[Cite as *State v. Hackler*, 2014-Ohio-4500.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 14 CA 6 |
| ROBERT A. HACKLER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  13 CR 334


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 9, 2014


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

KENNETH W. OSWALT               ANDREW T. SANDERSON
PROSECUTING ATTORNEY            BURKETT & SANDERSON
JUSTIN T. RADIC                 73 North Sixth Street
ASSISTANT PROSECUTOR            Newark, Ohio  43055
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

{¶1}.    Appellant Robert A. Hackler appeals from the decision of the Court of Common Pleas, Licking County, which denied his motion to suppress evidence, prior to a plea of no contest on a charge of felony theft. The relevant facts leading to this appeal are as follows.

{¶2}.    On May 24, 2013, Officer Jason Bowman of the Johnstown Police Department was dispatched to investigate a complaint of theft of items from a van parked at a local Kroger grocery store. Upon his arrival, Officer Bowman was informed that tools had been stolen from inside the vehicle. The officer obtained a description of the missing tools, and spoke to a witness who had seen the vehicle used by the perpetrator.[1] The suspect vehicle in question was described as a red vehicle with a white convertible top, being driven by a white male. According to Officer Bowman, the witness further indicated the suspect vehicle was "probably [a] late 80's, early 90's, possibly a Mustang." Suppression Hearing, August 19, 2013, at 7.

{¶3}.    Officer Bowman then issued a "be on the lookout" message for the suspect vehicle. A second police officer thereupon located a vehicle similar to the aforesaid description at a Sunoco gas station approximately one mile away from the Kroger store. Officer Bowman began heading toward the Sunoco station. At about this point in time, the second officer sent a radio message indicating that the suspect vehicle had left the gas station. Officer Bowman then saw a vehicle "approaching me that appeared to be red with a white top coming at a high rate of speed." Tr. at 8. Bowman

---

[1]    The suppression transcript testimony is unspecific as to the name of the witness. It appears from other parts of the record that two men using the van were at the scene, perhaps a driver and a passenger. The witness was one of these two individuals.

thereupon effectuated a traffic stop on the vehicle, which ended up near the original Kroger parking lot.

{¶4}. Appellant was found to be the driver of the red convertible, a Chrysler Sebring. Appellant did not have a current driver's license and was apparently under limited driving privileges. Tr. at 9. He "quickly became argumentative, was nervous, [and] wanted to get out of there very quickly." *Id.* Appellant was briefly detained in the second officer's patrol car. The witness at the scene identified the red Chrysler as the one he had seen previously. At some point, Officer Bowman was advised that the witness might be able to identify the driver of the suspect car. The witness, upon looking at the identification card Bowman had obtained from appellant, indicated that the photograph matched his recollection of the car driver's face. *See* Tr. at 13-14.

{¶5}. Appellant was subsequently placed under arrest. A search of appellant's vehicle resulted in the discovery of the missing tools.

{¶6}. On June 6, 2013, appellant was indicted on one count of theft, R.C. 2913.02(A)(1), a felony of the fifth degree. The indictment also contained a forfeiture specification pursuant to R.C. 2941.1417 and R.C. 2981.02.

{¶7}. On June 6, 2013, appellant filed a motion to release the seized vehicle. Following a hearing on June 24, 2013, the trial court denied appellant's request.

{¶8}. On June 25, 2013, appellant filed a "Motion to Suppress Evidence and Identification." The State filed a response on June 28, 2013. Appellant filed a supplemental memorandum in support of the suppression motion on July 2, 2013. In said supplemental memorandum in support of his motion to suppress, appellant raised

another issue seeking to suppress statements made by appellant at the police station after his arrest.

{¶9}. On August 19, 2013, appellant appeared with counsel before the trial court for the hearing on appellant's motion to suppress.

{¶10}. On August 27, 2013, the court issued a four-page written decision denying appellant's motion.

{¶11}. Appellant appeared before the trial court on September 24, 2013, and entered a plea of no contest to the charge contained in the indictment. Appellant was thereafter sentenced to a term of nine months in prison. The trial court also ordered the forfeiture of the motor vehicle that was subject to the specification contained in the indictment.

{¶12}. Appellant filed a notice of appeal on January 31, 2014. He herein raises the following three Assignments of Error:

{¶13}. "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.

{¶14}. "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ORDERING THE FORFEITURE OF THE MOTOR VEHICLE SUBJECT TO THE SAME WITHOUT DETERMINING THE CONSTITUTIONALITY OF THE PENALTY IMPOSED.

{¶15}. "III. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL HEREIN."

I.

{¶16}. In his First Assignment of Error, appellant contends the trial court erred in failing to grant his motion to suppress evidence. We disagree.

{¶17}. The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶18}. Generally, there are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court, in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, held that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶19}. Appellant herein first challenges the trial court's factual findings that (1) the witness saw a car "leaving quickly," (2) "noticed the van doors were open and the tools were missing" and thus (3) "immediately called the police department." Judgment Entry, August 27, 2013, at 1. It has been aptly recognized that "[b]ecause the trial court acts as the trier of fact in suppression hearings and is in the best position to resolve factual

issues and evaluate the credibility of witnesses, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Shrewsbury*, 4th Dist. No. 13CA3402, 2014-Ohio-716, ¶ 11, citing *State v. Burnside*, 100 Ohio St.3d 152, 797 N.E.2d 71, 2003–Ohio–5372, ¶ 8. Appellant herein urges that Officer Bowman (the only witness at the suppression hearing) did not provide testimony which could lead to these factual conclusions. However, we find the limited weight of the aforesaid facts in a suppression analysis would lead only to a determination of harmless error.

{¶20}. Appellant secondly argues that because the trial court's entry "cites no legal authority or precedent in support of its denial of the [appellant's] motion to suppress," it failed to apply the proper legal standard to the issues before the court and thus "lost its way." Appellant's Brief at 7. We certainly recognize that Crim.R. 12(F) states "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." However, we are not persuaded that the trial court improperly curtailed its application of legal analysis in reaching its decision denying suppression in the case sub judice.

{¶21}. Appellant finally argues the trial court incorrectly decided the ultimate issue raised in his motion to suppress, specifically as to the initial stop of appellant and the subsequent follow-up detention by Officer Bowman and the assisting officer.

{¶22}. We are compelled at this juncture to note that appellant's motion to suppress and supplemental memorandum before the trial court were limited to issues of the allegedly suggestive witness identification of appellant, the obtaining of items from appellant's vehicle without a search warrant, and statements made by appellant at the

police station after his arrest. This Court has recognized that the State's burden of proof in a motion to suppress hearing is limited to those contentions that are asserted with sufficient particularity to place the prosecutor and court on notice of the issues to be decided. *Johnstown v. Jugan* (Apr. 24, 1996), Licking App. No. 95CA90, 1996 WL 243805. The Ohio Supreme Court has further concluded that the failure of the defendant to adequately raise the basis of his or her challenge constitutes a waiver of that issue on appeal. *See City of Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218-219, 524 N.E.2d 889.

{¶23}. Appellant's focus on appeal is thus on the pre-arrest stage of the events in question, whereas the emphasis in the trial court was almost exclusively on the post-arrest stage, save for the issue of the victim's identification of appellant via Officer Bowman's use of the photograph on appellant's identification card. However, while the issue of a suggestive identification could be a part of the analysis of the pre-arrest detention of appellant after the traffic stop, we find appellant's present reliance on *State v. Harris*, 2nd Dist. Montgomery No. 14111, 1994 WL 191403, *State v. Knight*, 5th Dist. Licking No. 04CA24, 2004-Ohio-7274, and *State v. Wheat*, 5th Dist. Licking No. 02CA97, 2003-Ohio-1147, while well presented, sheds little light on that specific question. Furthermore, the issue of the propriety of Officer's Bowman's warrantless search of the trunk of appellant's Chrysler is not emphasized as part of the arguments in appellant's brief. *See* Brief at 9.

{¶24}. As such, we find the waiver doctrine applies against the remainder of appellant's assigned error under the circumstances presented.

{¶25}. Accordingly, appellant's First Assignment of Error is overruled.

II.

**{¶26}.** In his Second Assignment of Error, appellant challenges the trial court's order of forfeiture of his Chrysler automobile.

**{¶27}.** In Ohio, forfeitures are generally not favored in law or equity. *State v. Johns* (1993), 90 Ohio App.3d 456, 459, 629 N.E.2d 1069, citing *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 434 N.E.2d 723. Whenever possible, statutes imposing restrictions upon the use of private property, in derogation of private property rights, "must be construed as to avoid a forfeiture of property." *Lilliock* at 26, 434 N.E.2d 723, citing *State ex rel. Jones v. Board of Deputy State Supervisors and Inspectors of Elections* (1915), 93 Ohio St. 14, 16, 112 N.E. 136.

**{¶28}.** R.C. 2981.02(B) states as follows:

**{¶29}.** "(B) In determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense or an attempt, complicity, or conspiracy to commit an offense in a manner sufficient to warrant its forfeiture, the trier of fact shall consider the following factors the trier of fact determines are relevant:

**{¶30}.** "(1) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;

**{¶31}.** "(2) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;

**{¶32}.** "(3) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense."

{¶33}. R.C. 2981.09(A), (C), and (D) set forth a proportionality test in forfeiture cases. Furthermore, under R.C. 2981.09(A), "*** [t]he owner of the property shall have the burden of going forward with the evidence and the burden to prove by a preponderance of the evidence that the amount or value of the property subject to the forfeiture is disproportionate to the severity of the offense."

{¶34}. We have previously held that "[t]he defendant bears the burden to request a hearing and to prove by a preponderance of the evidence the forfeiture is excessive." *State v. Quick,* 5th Dist. Licking Co. No. 06-CA-142, 2007-Ohio-2623, ¶12 (analyzing former R.C. 2925.42). In the case sub judice, although appellant unsuccessfully sought a "release" of the vehicle prior to trial, he later entered a plea and agreed to the forfeiture both orally and in writing.[2] As such, appellant's attempt to challenge the forfeiture in the present appeal is not well-taken.

{¶35}. Appellant's Second Assignment of Error is therefore overruled.

III.

{¶36}. In his Third Assignment of Error, appellant contends he was deprived of the effective assistance of counsel where his trial attorney did not request a hearing on the issue of the constitutionality of the forfeiture of his automobile.

{¶37}. In her concurring opinion in *State v. Meeks*, 11th Dist. Lake No. 2011-L-066, 2012-Ohio-4098, a case likewise involving forfeiture under R.C. Chapter 2981, Judge Grendell of the Eleventh District Court of Appeals recognized that "[t]he right to effective assistance of counsel derives from the Sixth Amendment right 'to have the

---

[2] Interestingly, the attorney representing appellant at sentencing informed the court, at the end of the hearing, that "it wasn't my request to grant" forfeiture. *See* Sentencing Hearing Tr. at 11.

Assistance of Counsel.' " *Id.* at ¶ 57, citing *McMann v. Richardson,* 397 U.S. 759, 771, fn. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Judge Grendell further noted that the protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions. *See id.*, quoting *Austin v. United States,* 509 U.S. 602, 608, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Thus, "[g]iven that the penalty of forfeiture is 'civil in form,' [defendant] was not entitled to have the assistance of counsel." *Id.* at ¶ 58.

{¶38}.  We herein agree with the rationale of the concurrence in *Meeks* and therefore decline to engage in an analysis of ineffective assistance of counsel regarding the remedy of forfeiture within the present criminal case.

{¶39}.  Appellant's Third Assignment of Error is overruled.

{¶40}.  For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Gwin, J., concur.

JWW/d 1002