**[Cite as *State v. Ligas*, 2014-Ohio-5785.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    27356 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ASHLEY E. LIGAS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 13 10 2987 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

WHITMORE, Judge.

{¶1}    Appellant, Ashley Ligas, appeals from the judgment of the Summit County Court of Common Pleas.  This Court reverses.

I

{¶2}    In October 2013, at 1:03 a.m., Officer Bari conducted a traffic stop of a vehicle driven by Ligas and discovered that Ligas was driving with a suspended license.  Sergeant Ryan Burnette arrived on scene to assist.  Based upon Sergeant Burnette's prior encounters with Ligas, he conducted a K-9 search of her car.  The search revealed a small purse hidden underneath the driver's seat, which contained a bindle of heroin and a syringe.

{¶3}    Ligas was charged with: (1) possession of heroin, in violation of R.C. 2925.11(A)/(C)(6), a felony of the fifth degree; (2) possession of a drug abuse instrument, in violation of R.C. 2925.12, a misdemeanor of the second degree; and (3) driving under an OVI suspension, in violation of R.C. 4510.14, a misdemeanor of the first degree.  The indictment

included a forfeiture specification on the possession of heroin count for Ligas' 2003 Chevrolet Impala, the vehicle that she had been driving at the time of her arrest.

{¶4}    In accordance with a plea agreement, Ligas pleaded guilty to possession of heroin and driving under OVI suspension, and the State dismissed the charge of possession of a drug abuse instrument.  Ligas requested a hearing on the forfeiture specification.  After a hearing, the court ordered Ligas' car forfeited.  Ligas now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT'S ORDER GRANTING THE STATE'S MOTION FOR FORFEITURE OF APPELLANT'S VEHICLE WAS ERROR AS A MATTER OF LAW AND/OR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5}    In her sole assignment of error, Ligas argues that the manifest weight of the evidence does not warrant forfeiture of her vehicle.

{¶6}    In considering a manifest weight of the evidence challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses.  *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  The question is "whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."  (Alterations sic.) *State v. Crumpler*, 9th Dist. Summit No. 26763, 2014-Ohio-3211, ¶ 7, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20.

{¶7}    An "instrumentality" may be subject to forfeiture if it is "used in or intended to be used in the commission" of a felony.  R.C. 2981.02(A)(3)(a).  An "'[i]nstrumentality' means

property otherwise lawful to possess that is used in or intended to be used in an offense." R.C. 2981.01(B)(6). An instrumentality may include a motor vehicle. R.C. 2981.01(B)(6), (8).

> In determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense or an attempt, complicity, or conspiracy to commit an offense in a manner sufficient to warrant its forfeiture, the trier of fact shall consider the following factors the trier of fact determines are relevant:
>
> (1) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;
>
> (2) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;
>
> (3) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense.

R.C. 2981.02(B). The State bears the burden of proving by a preponderance of the evidence that the instrumentality is subject to forfeiture. R.C. 2981.04(B). Despite only having to prove forfeiture by a preponderance of the evidence, it is well-settled that forfeitures are not favored by law. *State v. Jelenic*, 9th Dist. Medina No. 10CA0024-M, 2010-Ohio-6056, ¶ 15. *Accord State v. Hackler*, 5th Dist. Licking No. 14 CA 6, 2014-Ohio-4500, ¶ 27. *See also State v. Baumholtz*, 50 Ohio St.3d 198, 202 (1990).

{¶8} The trial court found that the "but for" factor under R.C. 2981.02(B)(1) was met because the drugs were found in Ligas' purse, "buried under the front seat," which demonstrated Ligas' intent to hide the drugs once she was pulled over. The court further found that the other two factors under R.C. 2981.02(B)(2) and (3) were met, but did not make specific findings related to these factors.

{¶9} The only witness to testify at the forfeiture hearing was Sergeant Burnette. According to Sergeant Burnette, Ligas was pulled over by Officer Bari for a traffic violation at 1:03 a.m. While Sergeant Burnette was not involved in the initial stop, he arrived on scene

shortly after the stop to offer assistance. When Sergeant Burnette arrived, Officer Bari informed him that Ligas had a suspended license and that the car would have to be towed. Sergeant Burnette advised Officer Bari that he had dealt with Ligas in the past and that she had some "issues with drugs." Sergeant Burnette then conducted a K-9 search around the outside of Ligas' car, and the dog alerted to the driver's door. Upon searching the car, Sergeant Burnette found a small purse hidden underneath the driver's seat. Inside the purse was a bindle of heroin and a syringe.

**{¶10}** Sergeant Burnette testified that while he never personally arrested Ligas, he was aware that she had a prior arrest for drugs. Sergeant Burnette also said that Ligas had used drugs in a car before, but he could not recall this particular vehicle, a 2003 Chevrolet Impala, being involved in any prior encounter he had had with her. When asked to describe his previous dealings with Ligas, Sergeant Burnette discussed, generally, her association with certain individuals and said the police "were getting tips and things like that." There was no testimony about what those tips entailed. Sergeant Burnette opined that "[Ligas] used the vehicle in the * * * commission of a felony [because t]he seat in the vehicle was bolted to the floor and she was using that seat to hide the drugs."

**{¶11}** While it is true that Ligas' purse was hidden under the driver's seat, this fact alone does not warrant forfeiture. *See Jelenic*, 2010-Ohio-6056, at ¶ 16 ("As a matter of law, the mere usage of an instrumentality is an insufficient basis to warrant forfeiture."). "R.C. 2981.02(B)(2) directs the trier of fact to look to a defendant's primary purpose in using an instrumentality in the commission or facilitation of the specific offense at hand." *Id.* at ¶ 18. There is no evidence that Ligas' primary purpose was to use her vehicle to possess the heroin in her purse. *See* R.C. 2981.02(B)(2). *Compare State v. Saenz*, 5th Dist. Licking No. 13-CA-70, 2014-Ohio-1408, ¶ 16

(growing marijuana was becoming the primary purpose of the residence based upon the modifications made to the home and the extra equipment kept there). Additionally, the vehicle did very little to "further[ ] the commission of * * * the offense." *See* R.C. 2981.02(B)(3).

{¶12} After reviewing the entire record and weighing the evidence and all reasonable inferences, we cannot conclude that the weight of the evidence supports an order of forfeiture. *See Otten*, 33 Ohio App.3d at 340. Ligas' assignment of error is sustained.

{¶13} Ligas also argues that the court erred as a matter of law in ordering forfeiture of her vehicle because the court did not conduct a proportionality hearing. Because we have already sustained Ligas' assignment of error based on her manifest weight of the evidence argument, her proportionality argument is moot, and we decline to address it.

III

{¶14} Ligas' sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.